**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. HELFRICH, et al., ) | Case No. 2:12-cv-01399-LRH-PAL |
| Plaintiffs, ) | |
| vs. ) | **ORDER AND REPORT OF FINDINGS AND RECOMMENDATION** |
| NEVADA BAR, et al., ) | (IFP App - Dkt. ##5, 12, 13) |
| Defendants. ) | |

This matter is before the court on Plaintiff Peter J. Helfrich's Application to Proceed In Forma Pauperis (Dkt. #5), Anthony Greco's Application to Proceed In Forma Pauperis (Dkt. #12), and Cedric Dial's Application to Proceed In Forma Pauperis (Dkt. #13).

Plaintiff Helfrich is proceeding in this matter pro se, and he initiated this case on August 8, 2012, by filing an Application to Proceed In Forma Pauperis (Dkt. #1) and submitting a complaint. On September 26, 2012, the undersigned entered a Report of Findings and Recommendation (Dkt. #3) to the district judge that Plaintiff's Application should be denied. The court found that Plaintiff's Application was incomplete, and Plaintiff had not signed it. Instead, Mr. Jerald L. Kendrick signed the Application. Mr. Kendrick, who submitted a letter and Social Security benefit statement, states he is a paralegal in Pahrump who helped the Plaintiff prepare the pleadings. It was unclear whether the information contained in the Application pertained to the Plaintiff or Mr. Kendrick. Furthermore, the complaint attached to the Application attempts to assert claims on behalf of Plaintiff Helfrich and "17 named others as a class." The court could not determine whether the other seventeen individuals agreed to be Plaintiffs, or whether Mr. Helfrich or Mr. Kendrick were attempting to file a class action on their behalf. As a result, the court recommended the Application be denied. Plaintiff did not object to the

/ / /

1  Recommendation although he was advised that failure to file objections within the specified time could
2  waive the right to appeal the district judge's Order.  *See* Report of Findings and Recommendation (Dkt.
3  #3) at 2:24-26 (citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)).
4       On October 1, 2012, Helfrich submitted an Amended Complaint (Dkt. #4), which was docketed
5  by the Clerk of Court b. On November 29, 2012, the district judge entered an Order (Dkt. #9) adopting
6  and accepting the Report of Findings and Recommendation and denying Plaintiff's Application.  That
7  Order denied Helfrich's motion for leave to proceed in forma pauperis (Dkt #5) and should have closed
8  this matter.  However, on the same day Helfrich filed another motion for leave to proceed in forma
9  pauperis. Because Plaintiff's Amended Complaint[1] was docketed, the Clerk of the Court did not close
10 this matter. On January 16, 2013 an application to proceed in forma pauperis was also filed by Cedric
11 Dial (Dkt #13).  The amended complaint docketed although Hendrick did not pay the filing fee or
12 qualify for in forma pauperis status.
13      Having reviewed and considered the matter,
14      **IT IS RECOMMENDED** that the Applications to Proceed in Forma Pauperis (Dkt. #5, 12, 13)
15 be STRICKEN and this case be DISMISSED without prejudice.
16      Dated this 22nd day of January, 2013.

                                          */s/ Peggy A. Leen*
                                  PEGGY A. LEEN
                                  UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned

---

[1] Plaintiff's original complaint attempted to assert claims on behalf of seventeen individuals. Even if the court had not recommended Plaintiff's Application (Dkt. #1) be denied and instead granted the Application, the court would have been required to screen the complaint pursuant to 28 U.S.C. § 1915.  If it did and found Plaintiff had stated a claim, and directed service of the complaint by the U.S. Marshal's Service, the complaint would have been superceded by Plaintiff's Amended Complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The Amended Complaint only names Peter Helfrich as a Plaintiff and not Anthony Greco or Cedric Dial, the applicants named in two of the pending Applications (Dkt. ##12, 13).

to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.